UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HILL BENNETT,<br>Plaintiff,<br>v.<br>DUNN, et al.,<br>Defendants. | No. 2:26-cv-2560 DAD CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county jail inmate, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for extension of time and motion for a temporary restraining order filed September 18, 2026. (ECF No. 6.) For the reasons that follow, plaintiff's motion for extension of time is granted and this Court recommends that plaintiff's motion for a temporary restraining order be denied.

## I. MOTION FOR TEMPORARY RESTRAINING ORDER

### A. Legal Standard

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To

obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. See Winter, 555 U.S. at 20 (2008). A plaintiff seeking a preliminary injunction bears the burden of proving these elements. See Klein v. City of San Clemente, 584 F.3d 1196, 1201 (9th Cir. 2009).

**B. Discussion**

Plaintiff is incarcerated in the Butte County Jail. (See docket.) Plaintiff filed his complaint on July 23, 2026. (ECF No. 1.) Plaintiff did not pay the filing fee or file an application to proceed in forma pauperis. (See Docket.) On August 12, 2026, this Court granted plaintiff thirty days to pay the filing fee or file an application to proceed in forma pauperis. (ECF No. 5.) On September 18, 2026, plaintiff filed the pending motion for extension of time and motion for temporary restraining order. (ECF No. 6.) Because plaintiff has not filed an application to proceed in forma pauperis or paid the filing fee, this Court has not screened plaintiff's complaint.

1. Plaintiff's Complaint

This Court first discusses the claims raised in the complaint. Named as defendants are Kendrick Lamar, john doe handyman, group of nurses, Christian Services, mental health psychologist, IT Tech laptop user, Officer Dunn, Erwin, Enciso, White, Siviley, Nava, Parwin, Ebersole, Control Room doe defendant and the Rooney Law Firm. (ECF No. 1 at 2-4.) Plaintiff claims that he is suing all defendants, but defendant Rooney Law firm, for threatening to harm President Trump if plaintiff does not let these defendants steal plaintiff's writing and if plaintiff does not stop writing complaints. (Id. at 2-3.) Plaintiff claims that he is suing defendant Rooney Law Firm for waiving plaintiff's Miranda rights and for failing to protect plaintiff from the threats made by the other defendants. (Id. at 4.) Plaintiff's complaint makes additional factual allegations which are difficult to understand. The Court describes some of the additional factual allegations. Plaintiff makes various claims regarding the feud between musical artists Kendrick Lamar and Drake. (Id. at 5-6.) Plaintiff claims that on July 17, 2026, all defendants walked by

plaintiff's cell door and told plaintiff to stop being Muslim or they will send plaintiff to the state mental hospital. (Id. at 6.) Plaintiff claims that defendants told him that they would do harm to President Trump if plaintiff did not stop being Muslim. (Id. at 6-7.) Plaintiff claims that defendants told plaintiff that this is a Christian jail, Christian school and plaintiff cannot get Muslim services. (Id. at 7.) Plaintiff claims that his legal mail has been censored and that "they" stand at plaintiff's cell door and read his legal mail. (Id.) Plaintiff claims that "they" told plaintiff that he could not have his legal mail unless he had a sexual relationship with them. (Id.) Plaintiff claims that he is refused law library, medical slips, grievance forms and inmate request forms. (Id.) Plaintiff claims that he was on segregated 24 hour lockdown from May 5, 2026 to July 17, 2026 with no cleaning supplies or toilet, forcing plaintiff to defecate in a bag. (Id.)

2. Plaintiff's Motion for a Temporary Restraining Order

Plaintiff's motion for a temporary restraining order is difficult to understand and raises claims unrelated to the claims raised in the complaint. (ECF No 6.) This Court describes some of the claims raised in the motion for a temporary restraining order. Plaintiff appears to raise claims regarding competency proceedings. (Id. at 1-2.) Plaintiff appears to claim that he was given a false COVID-19 vaccine that contained a tracking device which plaintiff can feel in his stomach. (Id. at 2.) Plaintiff appears to raise claims related to the law library. (Id. at 9-11.) Plaintiff appears to claim that there is a policy requiring conversations with plaintiff be listened to by "Radvo." (Id. at 12.) Plaintiff may be claiming that he was served food that violated his religious beliefs. (Id.) Plaintiff claims that at all times officers have been yelling that they are the F.B.I when leaving plaintiff's door. (Id. at 13) Plaintiff claims that all inmates have been yelling that they work for the defendants and "the feds are coming," and kicking doors all day and night. (Id.) Plaintiff claims that the dayroom intercom plays back everything plaintiff writes. (Id. at 14.) Plaintiff claims that when he went to court on September 2, 2026, officers made death threats. (Id.) Plaintiff claims that when he returned to the jail, he heard loud tablet music making threats against plaintiff (Id. at 15.) Plaintiff claims that between September 2, 2026 and September 7, 2026, officers began stating that plaintiff is dead, kicking plaintiff's door and knocking on the tray slot, entering plaintiff's cell to tap him to move and refusing to give plaintiff meals because

plaintiff tattled on Drake. (Id.)

3. Analysis

For the following reasons, this Court recommends that plaintiff's motion for a temporary restraining order be denied. First, this Court finds that plaintiff fails to demonstrate a likelihood of success on the merits as to the claims raised in the complaint. See Winter, 555 U.S. at 20. Second, it appears that many, if not most, of the claims raised in the motion for a temporary restraining order are unrelated to the claims raised in the complaint. "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Center, 810 F.3d 631, 633 (9th Cir. 2015). Plaintiff may also be seeking injunctive relief against individuals not named as defendants. This Court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Accordingly, plaintiff's motion for a temporary restraining order should be denied.

## II. MOTION FOR EXTENSION OF TIME

Plaintiff appears to request an extension of time to file his in forma pauperis application. (ECF No. 6.) Good cause appearing, this request is granted.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for extension of time (ECF No. 6) is granted; plaintiff is granted thirty days from the date of this order to file his in forma pauperis application.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 6) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District

Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Benn2560.tro.56/2